### SHEPARD v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1913.)

Appeal from Trial Term.

Action by Mart B. Shepard, administrator of Frank J. Brown, deceased, against the Pennsylvania Railroad Company. From a judgment for defendant, and from or denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

PER CURIAM. Judgment and order affirmed, with costs.

KRUSE, P. J. (dissenting). The plaintiff's intestate was killed by being thrown or falling from a moving freight car, upon which he was standing, while employed as a brakeman in switching cars in defendant's yards, in Buffalo.

The principal question respecting the defendant's negligence, upon which this action is founded, is whether the engineer moved or jerked the cars suddenly, as the plaintiff claims, causing the brakeman to fall and lose his life, or backed carefully and slowly, as the engineer claims, obeying the so-called back-easy signal, which he admits receiving. There was a conflict of evidence upon that question, and if the jury actually found against the plaintiff thereon, as the defendant contends, I should say their finding ought not to be disturbed, if that conclusion was reached without being improperly influenced by outside matters, to which I will now call attention.

The defendant alleged in its answer, and gave proof against plaintiff's objections and exceptions, that the deceased was a member of its relief department, which provides for accident and sick benefits for the member, and in case of his death for the payment of death benefits to his designated beneficiary. By the terms of his membership the deceased agreed that the acceptance of benefits from the relief fund should operate as a release of all claims for damages against the defendant for injuries or death, and that he or his legal representatives

would execute such further instrument as necessary formally to evidence such acquittance. He designated as such beneficiaries, in case of death, his two daughters, or the survivor, providing that, if either was under the age of 21 years, the share of such a one should be payable to his brother in trust for the child, and that the receipt and release of his brother should constitute a further discharge of all liability.

After his death $1,000 was paid out of the relief fund to the brother, neither daughter being then 21 years of age, and the brother acknowledged payment thereof as trustee in full satisfaction and discharge of all claims arising from the death of the intestate against the defendant. It does not appear that either daughter, or her guardian, or the administrator of the intestate, ever received any of the money so paid to the brother, or in any way recognized the trust, or the payment of the money as a payment to them; but the undisputed evidence is quite to the contrary.

While the defendant in its answer specifically alleged that, by reason of the membership agreement and payment of the $1,000, the defendant was released and acquitted from any obligation or liability to the plaintiff on account of the death of the intestate, its counsel frankly conceded upon the trial that the payment of the money to the trustee, and the release executed by him, would not bind the infant children; but he insisted that the evidence showing these facts was competent in mitigation of damages, and it seems to have been received for that purpose.

In his charge the learned trial court said to the jury, in commenting upon the membership of the deceased and payment of the $1,000, that the defendant did not claim that the right to recover in the action was interfered with, but that the payment of the $1,000 at the request of the deceased should be allowed for in mitigation of the amount to be recovered here, adding that the plan is laudable, and no doubt resulted in great good to the employés and their families, and that the jury had the right to consider it, but the payment was not to be treated as a credit.

I think the deceased could not make a contract binding upon his administrator or his next of kin, so as to bar a right of recovery or cause of action such as this, which his personal representatives might have; and the learned counsel for the defendant, as I understand his position, concedes that to be so, but insists now, as he did upon the trial, that the payment of the $1,000 may be considered in mitigation of damages.

The case of Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878, is cited as an authority for his contention by counsel for the defendant; but in that case the money was received by the person who was subsequently appointed the administrator, and it was held that the defendant was entitled to prove the payment and its application to the expenses of the funeral and burial of the deceased, and to be credited therewith by the jury in making its estimate of the damages which the plaintiff should recover. That is not this case.

I think the evidence fell short of making it proper for the jury to consider in mitigation of damages or otherwise. The plaintiff's counsel objected from time to time as the evidence was offered, and finally

moved to strike it out, which was denied; the plaintiff taking exceptions to the various rulings. I think the evidence should not have been received, and in any event it should have been stricken from the case and not considered by the jury at all.

Of course, if the plaintiff or persons beneficially interested in the recovery had adopted the contract which their intestate assumed to make with the defendant railroad company, or the moneys had actually been received by them, or applied in such a way as to lessen their damages, a different question would be presented. But that question is not here, and the effect of these circumstances upon the plaintiff's right of recovery need not be determined. Here neither the plaintiff, who is the general guardian of the children, as well as the administrator of the intestate, nor any of the beneficiaries, have ever adopted the contract, or recognized it as binding upon them, or received any of the moneys.

It is, however, contended on behalf of the defendant that the jury, having found a verdict of no cause of action, must have reached the conclusion that the plaintiff had failed to make out a case. That would seem to be so unless the jury reached the conclusion that the damages did not exceed $1,000 and took into account the payment of the $1,000. It is true that the jury were told that the payment of the $1,000 should not interfere with the plaintiff's right of recovery, and should not be treated as a credit. But they were also told that the defendant claimed that the $1,000 should be allowed for in mitigation of the amount to be recovered, and the jury was expressly permitted to consider the evidence. While the finding of $1,000 damages would seem small, we cannot say that it is so beyond the bounds of reason that the jury may not have reached that conclusion. Besides his two daughters, the intestate had a wife; but he had not lived with her for some time, and her whereabouts, so far as the record discloses, are unknown. He had the two daughters by a former wife. They lived with him, and kept house for him. He was 45 years of age at the time of his death. The older daughter was 19, and the younger 13, years of age. The older daughter has since married.

While it is entirely probable that the jury found that the plaintiff failed to make out a case, I think we would hardly be warranted in so holding, under all the circumstances. In any event, if the testimony was not competent, as I think it was not, upon the question of damages, I am unable to see what useful purpose it could serve in the case. Indeed, I think it was prejudicial to the plaintiff upon the main question to have the evidence in the case.

For the reasons stated, I think the judgment and order should be reversed, with costs to the appellant to abide the event.